IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:05-CR-003-3 |
| | § | |
| KELVIN BERNARD WORTH | § | |

### REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On February 8, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kelvin Bernard Worth. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender, Ken Hawk.

Defendant originally pled guilty to the offense of Possession With Intent to Distribute and Distribution of Cocaine Base, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. On April 12, 2006, District Judge T. John Ward sentenced Defendant to 200 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include drug after-care, financial disclosure, and a $100 special assessment fee. A motion for reduction of term of imprisonment was granted and Defendant's term was reduced to 92 months on December 10, 2014. On October 30, 2015, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from possession and use of controlled substances and to refrain from association with persons engaged in criminal activity. In its petition, the government alleges that Defendant violated his conditions of

supervised release by providing several urine samples that tested positive for marijuana, admitting to smoking marijuana, and associating with a person who was engaged in criminal activity.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing and using marijuana as well as associating with someone involved in criminal activity, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 12 months and one day with no additional supervised release.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Kelvin Worth be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and 1 day with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Seagoville, Texas or Three Rivers, Texas to facilitate family visitation and drug treatment.

**So ORDERED and SIGNED this 8th day of February, 2017.**